## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Tiffany Clausell, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| | : |
| v. | : |
| | : |
| Sallie Mae, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| Defendants. | : |
| | : |
| | : |

For this Complaint, the Plaintiff, Tiffany Clausell, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3.      The Plaintiff, Tiffany Clausell ("Plaintiff"), is an adult individual residing in Chicago, Illinois, and is a "person" as defined by 47 U.S.C. § 153(10).

4.      The Defendant, Sallie Mae, Inc. ("Sallie"), is a Virginia business entity with an address of 12061 Bluemont Way, Reston, Virginia 20190, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Does 1-10 (the "Agents") are individual agents employed by Sallie and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as

parties once their identities are disclosed through discovery.

6.      Sallie at all times acted by and through one or more of the Agents.

## FACTS

7.      Beginning in the month of October, 2013, Sallie contacted Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

8.      At all times referenced herein, Sallie placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9.      When Plaintiff answered calls from Sallie, she would hear a prerecorded message stating "Hello this is Sallie Mae, please call us back in regards to your account".

10.     Upon information and belief, Plaintiff did not provide her cellular phone number to Sallie, and did not provide Sallie with express permission to place calls to her cellular phone.

11.     Frustrated with the frequent calls she was getting, during a conversation with a live representative taking place on December 2, 2013, Plaintiff requested that Sallie cease calling her cellular phone attempting to collect.

12.     Furthermore, on December 11, 2013, Plaintiff sent Sallie a written cease and desist request by mail, in order to get the calls to stop.

13.     Despite Plaintiffs multiple attempts to make the automated calls cease, Sallie continued to harass Plaintiff at a rate of over one hundred and fifty calls since her original request.

14.     Sallie's excessive calls to Plaintiff have caused her significant anxiety and inconvenience.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

2

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Defendants contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

17. If at one time Defendants had permission to Place calls to Plaintiff, Plaintiff has since revoked her consent to be contacted by Defendants on her cellular telephone by her demand to cease calling her cellular telephone.

18. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendants constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

20. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

24.     Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

25.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

26.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

27.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

28.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

29.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.   Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2.   Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

3. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 10, 2014

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff